The Honorable Tim Hutchinson State Representative Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding Arkansas Code of 1987 Annotated 21-6-306. You have asked, specifically, what fee should be charged by recorders for recording mortgage assignments, mortgage releases, and other instruments where several such assignments, releases, or other instruments are listed on a single page.
Arkansas Code Annotated 21-6-306, which is codification of Act 333 of 1977, states in pertinent part as follows under subsection (1):
 The uniform fees to be charged by the recorders in the various counties in this state shall be as follows: (1) For recording deeds, deeds of trust, mortgages, release deeds, powers of attorney, and other recordable instruments, except as otherwise prescribed in this section, three dollars ($3.00) for one (1) page, one side only, and one dollar ($1.00) for each additional page.
It is my opinion that the reference in 21-6-306 to a charge per "page" is not necessarily dispositive since the clear intent of this provision is to reimburse the county for the service of "recording instruments." See Section 6 of Act 333 of 1977. This is obviously an arbitrary charge, intended to supply a uniform fee for the recording service. This service includes indexing information, and a strict limitation of $3.00 per "page" in some instances would arguably circumvent this intent where multiple entries are required, notwithstanding the submission of one page.
However, it must also be recognized that this is a fee for recording, "instruments". While a $3.00 charge may be appropriate for each entry where the "instrument" is essentially the equivalent of several instruments included in one submission, the nature of the particular document must be considered in making this determination. For instance, a deed relating to multiple tracts of property would not, in my opinion, ordinarily justify multiple charges under 21-6-306. This would, it seems, also be true of an assignment involving several mortgages but only one assignee. Such a document would properly be treated as one instrument or "page" (or pages, depending upon the length) for purposes of 21-6-306. A listing of several individual mortgages that have been released would, on the other hand, justify a charge per release since each release must, presumably, be recorded as though submitted separately, and since the releases themselves may be construed as separate instruments.
Thus, the inquiry may appropriately be focused upon whether the submitted document actually reflects several instruments, each of which must be recorded separately.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.